57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard M. KENT, Defendant-Appellant.
 No. 93-5390.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 18, 1995.
Decided: June 13, 1995.
 
 Edward W. Miller, Greenville, SC, for Appellant. William Glenn Yarborough, III, Assistant United States Attorney, Greenville, SC, for Appellee.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Richard M. Kent pled guilty to the use of a firearm in a drug trafficking crime, in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1995). The district court sentenced Kent to five years imprisonment, as required by that statute, to be followed by three years of supervised release. Kent noted an appeal. Kent's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the plea was voluntary and intelligent but stating that, in his view, no meritorious issues exist for appeal. Although Kent was informed of his right to file a supplemental brief raising additional issues, he has not done so. After a complete and independent review of the record, we affirm Kent's conviction and sentence.
 
 
 2
 Kent was arrested during an undercover operation distributing drugs to a plain clothes police officer. Two firearms were discovered near a quantity of drugs in Kent's vehicle. Kent pled guilty to the above offense pursuant to a plea agreement. At the guilty plea proceeding, the district court thoroughly questioned Kent regarding the voluntariness of his plea, and informed him of the rights he would be waiving, the mandatory penalty for this offense, the length of supervised release he would be facing, and the effect of the plea agreement. See Fed.R.Crim.P. 11. The Government provided a factual basis for the plea. We are satisfied that Kent received the benefit of all protections to which he was entitled, and find no basis for questioning the voluntary and intelligent nature of the guilty plea. See generally Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).
 
 
 3
 Following the preparation of a presentence report, the district court sentenced Kent in accordance with statutory requirements and the sentencing guidelines. Therefore, we affirm Kent's sentence as well.
 
 
 4
 This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 5
 We deny Kent's motion to relieve his attorney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED